Morning everyone. So we're welcoming everybody here to the Ninth Circuit at Stanford. Okay so we have for this morning session we have three cases on the calendar. The first one, Kouriani one, has been submitted on the briefs and record and our first case for oral argument is United States of I'm Jay Tony. With me at the table is Sandra Gillies who until recently was Judge Mueller's senior law clerk. She's also my wife of 30 years. If there's any lucidity in the brief it's because of her, not me. And if she throws something at me it's because I said something stupid. We'll keep an eye on her. Okay. For you. I'd like to reserve two minutes for rebuttal. The clock is counting down that's perfectly fine. Okay. What I want to emphasize is about the core functions of an attorney in the colloquy for a Ferretta. As we were coming down from Woodland we were talking about the judge in this case focused on whether Molen had the skills to go through it. He never talked about what he's giving up because really what we do as lawyers, especially in federal cases and criminal cases, is we analyze the case. We talk about the consequences. We try and figure out what the best resolution is. Just like a cancer surgeon who is treating a cancer patient. Should we operate? It's your choice but if you don't we'd need this type of chemotherapy and I say you should do this. And when somebody just goes into the trial mode and advising a proper defendant. Where did he go wrong? I don't quite know. What didn't he advise or warn Mr. Molen that he should have? What was missing from the admonition? I think what was missing in this case was any real understanding that he was missing the ability of an attorney to independently evaluate the evidence. Talk about the consequences. He told him that it's not near to your advantage to proceed pro se without a lawyer. True but you also have to say I would think why? What are you missing? He told him that he'd have to know the rules of procedure and the rules of evidence and that his attorney would know those and he might not be familiar with them and then your client said oh no I've gone I've studied the rules of evidence. I know that but what I'm trying to emphasize is that's the trial part of it and if you're going to really advise somebody why they need a lawyer you should be able to say also you're not getting independent analysis of the evidence. You're not getting advice as to the possible consequences of pleading negotiating none of that which is really what we do more than try cases in federal court because most of our clients are kind of hopeless when we get to the jury. But this was at this was at the time of trial was it not? Actually I believe you'll find that the what happened in this case as I understand it is that the public defender and Molen had a parting of the ways because he How close to trial was the Frederick? Quite a ways because then I came into the case and I don't have I mean the trial was further down the road. Yeah because then the federal defender's office did not want their attorneys to be advisory as a matter of policy I got the call I dealt with other what would be called tax protesters and we went from there. So what do we do with the fact that you were that there was an pro se? What didn't I actually jumped in when he was sick and asked questions. That was at the trial. That was in the trial but that was your point that was about that there was other there are other advantages to having a lawyer pre-trial such as you just said negotiation understanding the evidence assessing what you're gonna do at trial and whatnot. That's right. You were there right at that time. So what do we do with that? Well I wasn't in a position to advise. But if you had a question he could call you up and ask you right? Yeah but that is that doesn't solve the problem of the colloquy with the judge as I see it. What is the I'm trying to understand what is the problem with the colloquy? You ask us to adopt a rule that a judge has to say in addition to the another disadvantage of representing yourself is you won't have the you won't have independent counsel on a whole variety of issues. Yeah. Isn't that self isn't that self-evident? No not to not to the average person. Well isn't the disadvantage of not having a lawyer that you won't have a lawyer? What I'm trying to say is in our position is that what is important in the colloquy is whether he can get through trial. Do you know the evidence? Do you understand how to object? The person in trial will be experienced and you'll be at a disadvantage. What's missing and and frankly what often happens in cases even with difficult defendants as I'm sure you see occasionally is that the attorney can bring somebody like Mullen who is sort of out there with his belief system down to earth by counseling and showing different situations. With Mullen I was advisory counsel. I'm not in the position and the judge didn't indicate to him that he's missing out on those core functions of a lawyer. Let me ask you a question. We often see these cases in the reverse context which is to say the judge denies self-representation and the and the defendant comes up to us and says I've been denied my Sixth Amendment rights. If we got this colloquy and the judge was careful to say you shouldn't be representing yourself it'll hurt you your attorney can you know he did a bunch of things he didn't do all the things you wanted but my sense is that if this case had come up to us in the opposite context we would say no the judge improperly denied the defendant in his right to self-representation. Well I think if the colloquy had been further advanced and it was denied yes the I'll tell you what would be nice we have a ironclad way of pleading people guilty in federal court it's in the rules it takes care of every possibility it would be nice if there was a script that was fashioned by the circuit and I if if that happened I would like it to also say you're missing out on independent analysis. I mean there should be a script for for district judges when they're taking a waiver on a counsel. I still want to know what what is missing what do you think he should have what's the key key part that he should have said? I say he the district judge. Okay I think he should have definitely said that there's more to representation than the rules of evidence and the trial that as far as preparing a case analyzing the likelihood the possible consequences if you go to trial all the stuff that's pre trial you're missing out on and that's a very important core function of an attorney. Had Mr. Mueller already had the advantage of that independent analysis with the Public Defender's Office who seemed to I mean as I look at this case in retrospect he wanted to assert a sovereign citizen defense and the Public Defender said to him essentially that's crazy and they therefore they parted ways. But I can't tell you what Mr. Petrick said to Mr. Mullen and whether they even got that far I don't know so. You had two other issues did you want to address either of the other issues the good faith defense and the unanimity instruction? I'd rather keep my exactly two minutes which comes up in one second. Okay. Thank you. Good morning may it please the court Sherry Haas on behalf of the United States. This appeal should be viewed through the lens of the Supreme Court's concern in Feretta that the Sixth Amendment provide for counsel that is an aid to a willing defendant and not interposed between a defendant and his right to represent himself as an organ interposed as an organ of the state between the defendant and his right to represent himself. Here the defendant validly exercised his right to represent himself by making a knowing intelligent and unequivocal waiver and while this court has held for example in Hayes and Neal that no specific colloquy is required the court adequately advised Mullen of the disadvantages he faced. Do you think a defendant really understands what it means to go without counsel? I think that Mullen understood what it meant to go without counsel. Do you really think defendants that you know appreciate what it means to what they're facing if they proceed without counsel? Can a defendant fully appreciate what they're facing without counsel having not being counsel themselves? Probably the answer is no but the role of the court isn't to explore every possible facet of what somebody is going to go without when they go without counsel because in fact if the court goes too far as the Seventh Circuit noted in O'Reilly then the court is going to be accused of putting its thumb on the scale of scaring a defendant from exercising his right to represent himself. Most district judges would prefer not you I think that's right your honor and I think the reason if you give a very thorough and complete advisement you know maybe the defendant will think twice. I think that's the purpose of the Ferretta colloquy. I think that the reason that most district judges would prefer not to have a defendant go pro se besides the general issues that it brings up at trial is that when a defendant goes pro se he's inevitably between a rock and the hard place and I think either way there's likely to be an appeal which this court recognized in the Meeks case. Does a defendant have a pretrial right to represent himself? Prior to trial? Prior to trial. I'm not sure. Part of your opponent's that he missed the counseling and other things that might have occurred during trial but also before trial. Does a defendant have a pretrial right to represent himself under Ferretta? I don't think so. Well I mean you know at the arraignment he could say your honor I mean you know they say here's public can you afford counsel and the defendant says no well here's the public defender and the defendant could say I don't want any attorney. I think I don't want a lawyer at all I'm gonna handle this case on my own and then it gets sent to the district judge to do a you know a colloquy and to take a waiver. That's correct. And you start out but you can start out from the very beginning without the assistance of counsel and usually at that point the district judge will appoint investigators and think about appointing a standby counsel. Yeah and I guess my question is slightly different. Judge Pius is quite correct in working through. Could a district judge say I'll allow you to represent yourself at trial but I won't allow you to represent yourself during the investigative phase of the case and would that violate Ferretta? I think well I haven't well I don't know any cases that are on point I think that it would because I think that it would speak to the Ferretta concern that a not be imposed on an unwilling defendant and I think here Mullen in in a post Ferretta colloquy stated that he had chosen to represent himself for a reason and I think that that's telling because I think that it goes to his strategy at trial. And can you address the instructions I know I know your opponent what wanted to save time and deal with other matters but do you agree that the jury should have been told that it had to be unanimous on the corrupt act if you will with respect to each of the two counts? No your honor and in fact just yesterday I filed a 28. Right we I saw that. And was it Sorenson? Yeah yes your honor and I think the Tenth Circuit got it right which is that Richardson which defense the defense sites relate specifically to the elements of a continuing criminal enterprise statute but Richardson distinguished between elements and means and the 72 12a statute the IRS obstruction statute is a continuing course of conduct. So a jury needs to be unanimous on elements but not means? Correct. Let me let me ask you questions does it matter here don't we know that the jury found two wrongful acts? That's right. It found it found that these two tax liens had been filed we knew they unanimously found that they would be appropriate means would they not? That's that's correct. They were alleged as means in the indictment? Yes your honor. So that even if even in the absence of the instruction we can look at this record and be certain the jury was unanimous on two of the alleged means? That's correct your honor. If you look at first of all the standard of review is plain error and I think given the lack of precedent for unanimity unanimity instruction there is no plain error. In addition there's there's also no prejudice no prejudice he received a Well there's another circuit that has a model instruction that requires or ask the jury to delineate you know which facts supported. That's correct your honor. This may be one of the dangers of self-representation. As the United States noted in its brief there are a review of the circuits standard jury instructions revealed that I think at least one circuit does require unanimity. However other circuits do not and in light of the Tenth Circuit's ruling I think at best there's a circuit split although I don't think so. I guess what I'm asking is why should we reach that issue? What we review under plain error and we know in this case that that there was no prejudice from failure to give the instruction because the jury unanimously found two of the alleged means. That's correct. Therefore we really don't have to decide whether or not the instruction is required do we? Even if we assume it was required there cannot be That's exactly right. I thought it was interesting when I read this the briefs and parts of the record in this case that it turned out at trial though he was pro se he actually had assistance of counsel at trial correct? It was more like a hybrid kind of thing. That's correct your honor. That doesn't happen very often. No in fact that's rare that that ever happens. That's correct and in fact I believe that some circuits don't allow it because it's prejudice not to the defendant but to the government because the defendant then has the right to conduct the entire trial and also testify. But no there was no objection to this arrangement in this trial was there? No your honor. The briefs suggest that perhaps Mr. Mullen may have been confused by the role of standby counsel. I know the judge gave a pretty good admonition that standby counsel was just there to stand by in case you in case the motion was granted but once standby counsel assumed that other role did that was that admonition somehow undermined? I think that once the counsel assumed a greater role. It was probably to Mr. Mullen's benefit. It was to Mr. Mullen's benefit. Mr. Mullen had Mr. Mullen had already validly waived his right to counsel and I'm not sure that the admonition was undermined so much as he I guess my question is the benefit of counsel. My question is a little different was the was this was counsel's participation one of those interpositions of the state between the defendant and counsel that that you say we should guard against? No because here unlike other cases that the defense had cited there was no disagreement that was apparent between the defendant and his attorney. They he stood side-by-side with his attorney and tried that case together. Mr. Mullen never said wait a minute I don't want this guy speaking it's my case? That's correct he he in effect represented himself and fully benefited from from being represented by counsel. And the judge was okay with it he didn't really the judge didn't? Yes. Put a stop to it? Yes and the government did not object either. Okay thank you counsel. About all I did in that case was step in when he was sick so we could get through and I asked the questions but I didn't have any control. You've read the record I don't think. No I was just more of an observation than anything else. I understand but the fact that I with his consent was asking questions on a very limited part of the trial I don't think answers the question because the what I think was. Usually the judges keep a sharp distinction between yeah standby counsel and advisory counsel and advisory counsel is just that and standby counsel steps in and takes over completely. That's right. And here was something in between. I didn't mean to distract you you did you want to respond to the to the argument the government's argument on the Ferretta? I think I've what I need to say about Ferretta I think that the I think I'd emphasize that there should be a model in the circuit it might save a lot of these back and forth and it should emphasize the core functions prior to trial. Do you have any response to the government's argument on the on the jury instruction? I'll submit on that. Okay thank you. All right thank you counsel. Matter submitted at
judges: Paez, Murguia, Hurwitz